By the Court:

A verdict and judgment in an action between parties was evidence in another action between the same parties and their privies in law, or estate. All the cases cited were either between the same parties substantially, or they were cases in which the plea of liberum ienementum was entered, and the finding-of the jury was directly oh the question of title involved in that -plea. But in the case of the plaintiff against Thompson, the plea was simply not guilty, and the verdict for the plaintiff was on that issue. The question' of title was not involved in that case; the only question involved in it, besides the fact of the alleged trespass, was the possession of the plaintiff at that time. How then could the fact of the trespass and the possession of the plaintiff, as found by the jury at that time in that suit, tend to prove or establish his possession at this time, in a subsequent action for a subsequent trespass alleged against a different party ? The verdict, and judgment in that can have no such effect in this case. The doctrine of privity,does not apply, because,an action of trespass does not lie against the alienee of a disseizor by a *191 disseizee. In this case the defendant comes into possession peaceably by conveyance from one in the actual possession of the land, and is therefore not liable to the plaintiff in an action of trespass, or in the present action, for the continuation of a trespass originally committed by the disseizor before the plaintiff has recovered the possession of the premises from the defendant in another form of action. None of the authorities cited shake or affect this principle.
The' plaintiff then proceeded and proved that, thirty or forty years before, a fence was put up by him and Thompson on the plaintiff’s land to make a narrow lane between it and Thompson’s fence for the convenience of the latter, and which had been used by him alone. The old fence was taken down and a new one was put up by Thompson without his consent. It was for this the suit was brought and the recovery was had against him. Afterwards he sold the land to the defendant, and that, when the plaintiff went out to remove the fence and began to saw upon it, the defendant drew a stick several times over the neck and shoulders of the plaintiff close to him, and told bim if he did not desist he should knock him down, but did not strike; although he hit the saw once in his hand and knocked it off the fence, when the plaintiff ceased his efforts to remove it. The plaintiff then closed his evidence. '
Mr. Bates submitted a motion for a nonsuit. There was no proof that the defendant had entered the close of the plaintiff. The entry must be an actual entry on the actual possession of the plaintiff; as there was, in contemplation of law, no constructive possession of real estate in trespass. Besides, the defendant came into possession of the land on which the fence stood as a purchaser, and therefore could not be treated as a trespasser. Even if the plaintiff had re-entered on the premises in question after the purchase of them by the defendant, he could not have maintained an action of trespass against him; for that *192 remedy, after re-entry, would lie only where the re-entry was on the original trespasser or disseizor, and not against one who comes into possession hy purchase or descent, or hy color of right and title under him. 12 Johns. Rep. 185. The last count was for an assault and battery, but there was no proof of an assault even.

The Court

considered that there was sufficient proof on the second count to go to the jury, and refused to nonsuit the plaintiff.
The counsel for the defendant then proceeded to adduce his title to the premises, and gave in evidence, among other proof of title, a commission to mark and hound the lands in question, issued on the petition of the defendant, and returned and confirmed at the ¡November Term, 1854; also the plot and return of the pretensions laid in the present case on behalf of the defendant.
Booth objected to the admission of the latter, on the ground of insufficient notice to the plaintiff of the time of laying down the pretensions. The rule of court required ten days’ notice, which of course imported ten days exclusive of the day of serving the notice and the day of the survey for the pretensions. But in this case the notice was dated and served on the 5th, and the survey was made on the 15th of November.

The Court

held the notice to he sufficient.
Mr. Booth, to the jury: It had been insisted, on the other side, that an action of trespass would not lie without an actual possession of the land by the plaintiff. But was this an action of trespass -merely ? It was an action on the case, and no objection had been made and no argument urged against it that was not a purely technical objection to trespass quare clausem fregit. Trespass on the case, however, would lie at common law, where the other form of *193 action, would not; and now, by a statutory provision contained in the Revised Code, which had abolished the common law distinction between them, whenever one of the actions would lie, the other would likewise, and consequently the technical defence insisted on, which had relation only to a trespass committed with actual or implied force, could not apply in the present case. He therefore contended, upon the facts proved, that the plaintiff was entitled in this action to recover for the injuries he had sustained to his rights of property in the premises, notwithstanding he might not have been able to maintain an action of trespass guare clausem fregit for the same injuries at common law.
Mr. Bates, for the defendant: The question of title was not involved in the case, but the plaintiff was bound to ' show that he was in the actual possession of the premises at the time of the alleged trespass by the defendant. Under the conveyance from Thompson to the defendant as a purchaser, his entry and possession was lawful, and was to be so regarded in law until the plaintiff had resorted to his action of ejectment, if the legal title was in him, and recovered the possession, by which he would be remitted to his legal title; and then, by the jus post liminii, he would be presumed in law to have been in possession the whole time, and he might then recover in an action of trespass for this or for any other trespass committed on the premises in the mean time. As to the proof under the second count, the defendant had a right to use whatever force was necessary to prevent the plaintiff from sawing the rails and removing the fence. ’

The Court,

Harrington, Ch. J.,

charged the jury: The declaration in the case was in fact in trespass, though the action was in form an action on the case; and at common law, in the absence of any statutory provision on the subject, the action, as well as the declaration, should have been in trespass, and not ón the case. But our statute, *194 Revised Code, 379, had provided that, when the action was in case, it should be no objection to maintain it but for that provision, that it should have been in form an action of trespass, and vice versa; the object of which, as we understand it, was simply to prevent a plaintiff who brought his action in case, when, in point of form at common law, it should have been in trespass, or had brought it in trespass when it should have been in case, from being defeated in maintaining it, by objections to the form of the action merely, either on a motion for a nonsuit, or by the direction of the Court to the jury, or in any other way.; simply because he had, on certain technical distinctions existing between them at common law, misconceived his form of action in the suit, or the direct or consequential nature of the injury in point of fact to be proved. These distinctions are not unfreqúently subtile and refined, as well as technical, and are sometimes difficult of application in certain cases. It was to avoid these difficulties, and to prevent the failure of suits, by reason of these nice distinctions in some cases, this provision was inserted in the statute. But the Court did not consider that it had abolished, or was intended to abolish, all distinctions between the actions in their results, and in all the legal incidents and consequences attaching to them respectively at common law, for such were not the terms of the statute. Where the action was on the case, as in the present instance, and where the action, according to • the common law, and but for the statute, should have been trespass, although it might be maintained, and no objection could be taken to it, merely on account of the form of the action, yet it must still be regarded under the statute in effect and in the application of the rules and principles of law, which must control and govern it in all other respects, as an action of trespass brought for a direct and immediate injury, and subject in all respects, except as before stated, to the rules and principles which apply to and govern the action of trespass at common law.
The action being, therefore, in this aspect of the matter, *195 an action of trespass in effect for a direct and immediate injury to the possession of the plaintiff, it was incumbent upon the plaintiff to prove that the land on which the alleged trespass was committed and maintained by the defendant was at that time in the actual possession of the plaintiff, and that the defendant entered on his land and maintained the fence upon it whilst he was so in the actual possession of it, in order to entitle him to recover for it in this suit. But if, on the contrary, it appeared, from the evidence, that James Thompson, or any other person before that time, had ousted or disseized the plaintiff of the possession of the locus in quo, or place in question, and erected the new fence thereon, and, whilst he was in the possession of it, had sold and conveyed it to the defendant, and he had come into possession of it peaceably under such ' sale and conveyance, then it was not a case in which either an action on the ease of an action of trespass at common law would lie, because no one but a party entitled in remainder or reversion can recover in an action on the case at common law for a direct and immediate injury to his real property, which the plaintiff was not; and he could not recover in the other form of action, that was to say, in an action of trespass, for the reasons already stated by the Court on the motion for a nonsuit.
Booth, for plaintiff.
D. M. Bates, for defendant.
In regard to the second count, for an assault and battery, if the defendant was in possession of the place and the fence in question at the time when the plaintiff attempted to saw it and remove it, he had a right to repel force by force, provided he did no more than was necessary and proper to prevent the act.
V erdict for the plaintiff.